In re FAMOLARO.

(District Court, W. D. Pennsylvania.    January 2, 1918.)

No. 20859.

ALIENS ⬨⟹68—NATURALIZATION—CANCELLATION OF CERTIFICATE—"BEFORE THE PASSAGE OF THE ACT."

Naturalization Act June 29, 1906, c. 3592, 34 Stat. 596, after providing for the establishment of the Bureau of Immigration and Naturalization, in section 1 (Comp. St. 1916, § 963) and section 2, declares in section 4 (section 4352) that an alien must set forth in his declaration of intention his name, age, occupation, place of birth, date of arrival, etc., but that no alien who, in conformity with the law in force at the date of his declaration, has declared his intention to become a citizen, shall be required to renew such declaration. A later paragraph of the same section provides that, not less than two years nor more than seven years after the alien has made a declaration of intention, he shall make and file a petition in writing, signed in his own handwriting and duly verified, setting forth his full name, place of residence, occupation, etc., but that, if he has filed his declaration "before the passage of the act," he shall not be required to sign the petition in his own handwriting. Section 28 (section 4383) and section 29 relate to the making of rules and regulations by the Secretary of Commerce and Labor, and appropriations for expenditures. Section 31 of the act declares that it shall take effect and be in force from and after 90 days from the date of its passage, provided that sections 1, 2, 28, and 29 shall go into effect from and after the passage of the act. *Held*, in view of section 8 (section 4364), declaring that no alien shall be naturalized who cannot speak the English language, provided that the requirements of the section shall not apply to any alien who has prior to the act declared his intention in conformity with the law in force at the date of making such declaration, that an alien who filed his declaration of intention after June 29th, the date of the enactment of the act of 1906, but before section 4 went into effect, falls within the proviso, and need not sign the petition for naturalization in his own handwriting; it being apparent that the expression "before the passage of the act" means before the act became effective.

In the matter of the petition for naturalization of Francesco Famolaro. On petition for rule to show cause why an order admitting applicant to citizenship should not be canceled.    Petition denied.

Wm. M. Ragsdale, Chief Naturalization Examiner, of Pittsburgh, Pa.

THOMSON, District Judge. This is a petition for a rule to show cause why an order of this court, entered October 3, 1917, admitting Francesco Famolaro to citizenship, should not be canceled. There is perhaps no controversy as to the facts of the case, and we will assume them to be as alleged in the petition. The material facts are these: The applicant, an Italian subject, was born December 17, 1871, came to this country on April 17, 1901, and five days after the enactment of the Naturalization Act of June 29, 1906, to wit, on July 5, 1906, he declared his intention to become a citizen of the United States, in the court of common pleas of Allegheny county, Pa., being at that time unable to write his name, and signing his declaration by mark.

On June 26, 1917, he filed his petition for admission to citizenship, signing the same by mark, and on October 3, 1917, after the usual hearing, he was duly admitted as a citizen. The petition challenges the legality of the proceedings, on the ground that the petition for admission was invalid, not being signed by the applicant in his own handwriting, as required by the act of June 29, 1906.

The act of 1906 was passed to establish a Bureau of Emigration and Naturalization, and to provide a uniform rule for the naturalization of citizens throughout the United States. Section 4 (Comp. St. 1916, § 4352), in its various paragraphs, sets forth fully the manner in which the alien may become a citizen. The first paragraph enumerates what must appear in his declaration of intention: Name, age, occupation, place of birth, date of arrival, etc., concluding with this proviso:

"Provided, however, that no alien who, in conformity with the law in force at the date of his declaration, has declared his intention to become a citizen of the United States, shall be required to renew such declaration."

The second paragraph provides that:

"Not less than two years nor more than seven years after he has made such declaration of intention, he shall make and file, in duplicate, a petition in writing, signed by the applicant in his own handwriting and duly verified, in which petition such applicant shall state his full name, his place of residence, * * * occupation, etc. * * * Provided, that if he has filed his declaration before the passage of this act, he shall not be required to sign the petition in his own handwriting."

Section 27 (section 4382) sets forth the form of the declaration of intention, the petition for naturalization, the affidavit of witnesses, and the certificate of naturalization, which must be followed substantially. Section 31 provides:

"This act shall take effect and be in force from and after ninety days from the date of its passage: Provided, that sections 1, 2, 28 and 29 shall go into effect from and after the passage of this act."

Section 1 relates to the establishment of the Bureau of Emigration and Naturalization; section 2, to the providing of additional offices, clerks, etc., to the Bureau; section 28, to the making of rules and regulations by the Secretary of Commerce and Labor; and section 29, to the appropriation for expenditures. In other words, in these sections the Bureau was established, and the machinery necessary for its operation was set in motion on the date of the passage of the act; but the act itself, including all proceedings necessary for the naturalization of aliens, from the declaration of intention to the petition and final hearing, took effect and became in force on September 29, 1917.

How, then, does the case stand? This man, when he filed his declaration of intention on July 5, 1906, did not comply with the requirements of section 4 of the act of 1906, for the simple reason that that section was not then in force. His declaration of intention was in accordance with the law as it was prior to the passage of that act. But, being in conformity with the law then in force, under the first paragraph of section 4 of the act of 1906, he was not required to renew his declaration. By section 8 (section 4364) it is provided that no alien shall thereafter be naturalized who cannot speak the English language:

"Provided, that the requirements of this section shall not apply to any alien who has prior to the passage of this act declared his intention to become a citizen of the United States, in conformity with the law in force at the date of making such declaration."

From this proviso I think it is clear that all cases would be included where the declaration was in conformity with the law in force at the date of making such declaration. In other words, that the words "passage of the act" refer to the date when the law went into effect, rather than the date of its actual enactment. If this were not so, then the legal status of an applicant declaring his intention immediately after the passage of the act would be different from that of one declaring his intention immediately before that date, although their declaration was made under and in compliance with the same act of Congress. This could hardly be, under an act whose purpose, as expressed by the title, is "to provide for a uniform rule for the naturalization of aliens throughout the United States." And so I would read the proviso to the second paragraph of section 4 (section 4352), in these words:

"Provided, that if he has filed his declaration before the passage of this act, he shall not be required to sign the petition in his own handwriting."

The declarant in this case complied with the law in all respects as it was when he filed his declaration of intention. While it had been enacted that the petition for admission to citizenship "must be signed by the applicant in his own handwriting," such enactment had not gone into effect, and as to him was the same as if it had never been passed. The whole act speaks, and of necessity must speak, as of the date when it became effective. Prior to that date, all the provisions of the act in relation to naturalization had no legal existence. In legal effect, they were as if the act had not been passed. It is entirely natural that that date should be regarded as the date of its passage. This interpretation, which makes all of its provisions harmonious, should be adopted unless there is a compelling reason to the contrary. In other words, I think the spirit of the act should prevail over its mere letter.

The petition is therefore refused.